UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case Number: 3:19-CR-18 (VLB) |
| | : | |
| v. | : | SEALED CASE |
| | : | |
| GLEN COHEN | : | March 11, 2021 |

## MOTION TO UNSEAL CASE

In response to the Court's concerns during the February 25, 2021, hearing on the Government's motion to dismiss, the Government respectfully withdraws its request for the above-captioned matter to remain under seal and instead moves to unseal the case and all docket entries filed therein. The defendant, through counsel Matthew Maddox, Esq., does not object to this request. In support of this motion, the Government states:

1. On January 17, 2019, the Government filed an Information in this matter charging defendant Glen Cohen with cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5). On that same date, the parties presented a draft Pretrial Diversion Agreement to United States Magistrate Judge Robert A. Richardson, along with a Joint Motion for a Continuance and Authorization of Assistance by the United States Probation Office in Connection with a Pretrial Diversion Program, a Joint Motion to Seal the Case, and a Pretrial Diversion Waiver executed by the defendant and his counsel.

2. The United States Probation Office completed a Pretrial Diversion Report on March 1, 2019, recommending that Cohen be accepted into the Pretrial

1

Diversion Program.

3. On March 27, 2019, the parties executed a Pretrial Diversion Agreement setting forth conditions to which the defendant would comply during an 18-month diversionary period. Under the agreement, the United States Attorney agreed to move to dismiss the pending Information in the case if he received a Pretrial Diversion Report from the United States Probation Office noting that the defendant had complied with all of the conditions set forth in the Pretrial Diversion Agreement.

4. The 18-month diversionary period ended on September 27, 2020.

5. On September 29, 2020, the United States received the Pretrial Diversion Report from the United States Probation Office, reflecting that the defendant had complied with all of the conditions set forth in the Pretrial Diversion Agreement.

6. On September 29, 2020, the Government moved to dismiss the pending Information in this matter. It also requested that the matter remain sealed in perpetuity because, it believed, public disclosure of the matter could unfairly tarnish the reputation of the defendant.

7. On February 25, 2021, the Court held a hearing on the motion to dismiss. The Court asked questions about the procedural history of the case, to which the parties responded. The Court also seemed concerned about sealing the matter in perpetuity and requested that the Government provide a list of pretrial diversion cases handled by the United States Attorney's Office in the last

ten years so that the Court could determine whether those matters were sealed in perpetuity.

8. In order to respond to the Court's inquiry, the Government conducted a search of its case database and also queried all current Criminal Assistant United States Attorneys about the sealing status of any pretrial diversion matters handled in the last 10 years. A list of the 30 responsive cases (without information identifying any defendants in sealed cases) appears at the end of this motion.

9. In inquiring about the sealing practices for pretrial diversion matters and examining the dockets for the 30 identified cases, the undersigned has gleaned the following general practices of the United States Attorney's Office:

   a. If a defendant is charged by way of a public and unsealed charging document, such as an unsealed criminal complaint or indictment, and then the matter is later resolved through pretrial diversion, the case generally is not sealed and the pretrial diversion documents are filed publicly. Twenty-six of the thirty identified cases fall into this category.

   b. If a defendant is not charged by way of a public and unsealed charging document and the case is resolved through pretrial diversion as a negotiated resolution in lieu of the filing of a public charging document, the case generally remains sealed in perpetuity and the pretrial diversion documents remain under

3

seal. Four of the thirty identified cases fall into this category.

10. In the instant matter, Mr. Cohen was charged through a criminal complaint that was initially sealed but was unsealed upon his presentment. *See United States v. Cohen*, 3:18-mj-1378 (SALM), Docket #1. Upon an oral motion from the Government to retain the affidavit supporting the criminal complaint under seal because it discussed details of the victims' harassment, United States Magistrate Judge Sarah A.L. Merriam ordered that the affidavit remain under seal. *Id.*, Docket #7. The affidavit remains under seal currently.

11. Given that the criminal complaint against Mr. Cohen is currently a public document, however, any possible reputational damage from the fact that Mr. Cohen was charged has already occurred. Thus, the basis for the Government's motion to seal the instant matter in perpetuity is no longer in force.

12. For those reasons, the Government withdraws its motion to seal the instant matter and instead moves, by this motion, to unseal the matter and all documents filed within it. Mr. Cohen, through counsel, does not object to this motion.

Respectfully submitted,
LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

/s/
SARALA V. NAGALA
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv05529
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700
sarala.nagala@usdoj.gov

4

## List of Pre-Trial Diversion Case Numbers

United States v. Jokubas Kerza, 3:20-CR-199 (KAD)
United States v. Ethan Hendler, 3:18-CR-84 (MPS)
United States v. Jasmine Delgado, 3:17-CR-232 (VLB)
United States v. Corey Best, 3:17-CR-160 (VLB)
United States v. Lisette Perez, 3:17-CR-160 (VLB)
United States v. Jose Minaya-Melendez, 3:17-CR-62 (JAM)
3:17-CR-14 (AWT) – SEALED CASE
United States v. Xiao Xia Wei, 3:16-CR-218 (RNC)
3:16-CR-242 (AWT) – SEALED CASE
United States v. Akilah Shahbaz, 3:16-MJ-93 (RAR)
United States v. Natisha Brown, 3:16-CR-19 (AVC)
3:15-CR-173 (JAM) – SEALED CASE
United States v. Denis Carrigan, 3:14-CR-282 (WIG)
United States v. Pawel Hasiuk, 3:14-MJ-280 (RAR)
3:14-CR-117 (WIG) – SEALED CASE
United States v. Armando Ruelas-Rangel, 3:13-CR-181 (SRU)
United States v. Chaz Dasilva, 3:13-CR-181 (SRU)
United States v. Nelson Donastorg, 3:13-CR-173 (JBA)
United States v. Juan Cheverez, 3:13-CR-71 (VLB)
United States v. Julio Otero, 3:13-CR-71 (VLB)
United States v. Ashley Rose, 3:12-MJ-286 (HBF)
United States v. Peter Gayed, 3:12-CR-271 (RNC)
United States v. Anthony Brown, 3:12-CR-105 (RNC)
United States v. Maria Rubert-Lopez, 3:12-MJ-96 (HBF)
United States v. Ramon Grullon, 3:11-MJ-260 (HBF)
United States v. Kevin Winzer, 3:11-MJ-259 (HBF)
United States v. Dorothy Grier, 3:11-MJ-258 (HBF)
United States v. Michael Hannon, 3:11-MJ-257 (HBF)
United States v. Albert Fritz Barnes, 3:11-MJ-31 (TPS)
United States v. Griff Furst, 3:10-CR-159 (MRK)

## CERTIFICATION

I hereby certify that on March 11, 2021, a copy of the foregoing was emailed to counsel for the defendant, Matthew Maddox (matthew@mmaddoxlaw.com).

/s/
SARALA V. NAGALA
ASSISTANT U.S. ATTORNEY